IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

  vs.                                          Civil Action 2:14-cv-830
                                                      Judge Edmund A. Sargus, Jr.
                                                      Magistrate Judge Elizabeth P. Deavers

**PHILLIP HENRY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

Plaintiff Malibu Media, LLC ("Plaintiff"), a California limited liability company, claims the copyright to the 32 motion pictures at issue in this case.  Plaintiff filed this action in July 2014, alleging that the Defendant, identified initially by an internet protocol ("IP") address, violated Plaintiff's copyright by downloading Plaintiff's movies and sharing them with others using a BitTorrent protocol or torrent, which is a type of peer-to-peer file sharing software. Through early discovery, (*see* ECF No. 4) Plaintiff traced the IP address to one Phillip Henry ("Defendant"), who was named as the Defendant in the Amended Complaint (ECF No. 5) and served with process (ECF No. 7).  After defendant failed to plead or otherwise defend in this case as required by law, the Clerk entered his default in December 2014 (ECF No. 9).  The matter is now before the Court, pursuant to an order of referral (ECF No. 12), on Plaintiff's motion for default judgment against Defendant Phillip Henry (ECF No. 11).

Plaintiff seeks $72,000 in statutory damages, $1,182 in attorneys' fees, and $475 in costs; Plaintiff also asks that the Court permanently enjoin Defendant from infringing Plaintiff's copyrighted works and order Defendant to delete all copies of Plaintiff's copyrighted materials. *Id.*

## II. ANALYSIS

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability.  *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995).  In order to succeed on its claim of copyright infringement under 17 U.S.C. § 101 *et seq.*, a plaintiff must prove that it owns a valid copyright in the motion picture and that the defendant violated one or more of plaintiff's exclusive rights by copying or distributing plaintiff's copyrighted motion picture without authorization.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004); *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *3 (E.D. Mich. July 31, 2013).  Here, the Amended Complaint alleges all the elements of Plaintiff's claim and Defendant's default conclusively establishes those elements.  *See Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief").

The mere determination of Defendant's liability does not, however, automatically entitle Plaintiff to default judgment.  The decision to grant default judgment falls within a court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider the following factors:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id*. (footnotes omitted).  In the case presently before this Court, consideration of these factors militates in favor of granting default judgment.  The only matter remaining, then, is the issue of damages.

As previously noted, Plaintiff seeks $2,250 per infringement, or $72,000 total in statutory damages.  The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement.  17 U.S.C. § 504(a)-(c).  Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000.  17 U.S.C. § 504(c)(1).  Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages to a maximum of $150,000 per infringement.  17 U.S.C. § 504(c)(2).  "The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance."  *Broadcast Music, Inc. v. H.S.I., Inc.*, No. C2-06-482, 2007 WL 4207901 at *4 (S.D. Ohio Nov. 26, 2007) (citing *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)).  When determining the proper amount of statutory damages, "courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities.'"  *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *4 (S.D. Ohio Oct. 9, 2012) (quoting *H.S.I., Inc.*, 2007 WL 4207901 at *6).

3

Plaintiff urges the Court to award $2,250 per infringement because two other non-binding courts have held triple the minimum damages to be appropriate. (Memo in Support of Default 9, ECF No. 11-1.)  In this case, Plaintiff alleged facts that, when taken as true, could support a finding of willful infringement.  A finding of willfulness, however, does not automatically entitle a copyright holder to the statutory maximum.  A court retains broad discretion to determine an appropriate damages figure in each case.  *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 931 (W.D. Mich. 2013) (citing 17 U.S.C. § 504(c)(2)).

The facts of this case do not justify Plaintiff's requested award.  Although the entry of his default has established a copyright infringement by Defendant, it is not necessarily the case that Defendant was the original user who made Plaintiff's work available to the public.  *See Malibu Media, LLC v. Flanagan*, 2:13-CV-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014) (where the court awarded $1,500 per infringement after default judgment because no evidence suggested that defendant was the original party to upload the material to BitTorrent software). Moreover, there is no evidence that Defendant profited from the infringement.  The nature of BitTorrent is such that Defendant would not likely have reaped any profit from his participation in the infringement of Plaintiff's copyright except for the amount that he saved by illegally downloading the motion picture.  *Bossard*, 976 F. Supp. 2d at 931.  A review of damage awards in other cases involving copyright infringement by use of the BitTorrent protocol reveals that a total award closer to $6,000 would adequately deter future infringement.  *See id*. at 930-31 (collecting cases awarding between $750 and $6,500 per infringement); *Flanagan*, 2014 WL 2957701, at *4 ("[A]n award of $1,500.00 per infringement is reasonable and will deter future infringements as well as compensate the Plaintiff."); *Malibu Media, LLC v. Cowham*, No. 3:13-CV-00162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) ($1,500 per infringement); *PHE,*

4

*Inc. v. Does 1-122*, No. 13-CV-786, 2014 WL 1856755, at *3 (N.D. Ill. May 7, 2014) (awarding $1,500 per infringement and $6,000 total); *W. Coast Prods., Inc. v. Garrett*, No. 4:12CV01551, 2014 WL 752670, at *3 (E.D. Mo. Feb. 25, 2014) (awarding $3,250 for one infringement); *Purzel Video GmbH v. Biby*, No. 13-CV-01172, 2014 WL 37299, at *2 (D. Colo. Jan. 6, 2014) (awarding $2,250 for one infringement); *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) ("The vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via [BitTorrent] have assessed damages of approximately $6,000 based on an inference of willfulness[.]"); *Collins v. Sangster,* No. 11-CV-01773, 2012 WL 458905, at *3 (D. Md. Feb. 10, 2012) ("[T]he Court finds it unnecessary to determine whether Defendant's infringement was 'willful' because it finds that a statutory damages award of $6,000 pursuant to 17 U.S.C. § 504(c)(1) would sufficiently reimburse Plaintiff for Defendant's participation in the infringing swarm and would adequately discourage wrongful conduct").

Indeed, this Court recently held that an award of $6,000 in statutory damages properly accounts for the defendant's gain, the plaintiff's loss, and the public's interest in deterring future violations. *The Power of Few, LLC v. John Does 1-11*, No. 2:13-cv-839, 2014 WL 5025671, at *2 (S.D. Ohio Oct. 30, 2014). Here, Defendant infringed 32 works owned by Plaintiff. To award most closely in accordance with this Court's precedent of a $6,000 total award, Defendant shall be liable to Plaintiff for the minimum damages of $750 per infringement for a total of $24,000 in statutory damages.

Plaintiff also asks that the Court enjoin Defendant from infringing Plaintiff's copyrighted works and to order him to destroy all copies of its motion pictures in his possession, custody or control that he downloaded without Plaintiff's authorization. The Copyright Act authorizes

5

temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations and quotations omitted). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a threat of continuing infringement, he is *entitled* to an injunction.'" *Id*. (emphasis in original) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990)). Otherwise, an award of damages without injunctive relief would amount to a "forced license to use the creative work of another." *Id*. (quoting *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004)).

In the case presently before the Court, Plaintiff established Defendant's infringement. Considering the factual allegations in the Amended Complaint, the nature of the BitTorrent system, *see Patrick Collins, Inc. v. Gillispie*, No. 11-CV-01776, 2012 WL 666001, at *4-5 (D. Md. Feb. 23, 2012) ("Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to protect Plaintiff's ownership rights in this instance."), and the nature of the copyrighted work, *see Malibu Media, LLC v. Schelling*, No. 13-11436, 2014 WL 3400580, at *1 (E.D. Mich. July 8, 2014) ("[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in . . . compositions because of the strong probability that unlawful performances of other copyrighted material will occur.") (quotations omitted)), the Court concludes that Plaintiff has sufficiently established a continuing threat to its copyright. *See Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003) ("[C]ourts have traditionally granted permanent injunctions if liability is

6

established and a continuing threat to a copyright exists.") (quotations omitted)). Plaintiff's request for permanent injunctive relief is therefore meritorious.

Plaintiff also seeks $1,183 in attorneys' fees, and $475.00 in costs. Plaintiff itemized its costs and its counsel declared that he spent 1.9 hours prosecuting Plaintiff's claims against Defendant at a rate of $300 per hour together with 7.2 paralegal hours at a billing rate of $85 per hour. (Affidavit 2, ECF No. 11-5.) The Court has the discretion to award fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. The United States Court of Appeals for the Sixth Circuit has identified factors to be considered in determining whether to award attorneys' fees, including such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 589 (6th Cir. 2007) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "The grant of fees and costs is the rule rather than the exception and they should be awarded routinely." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).

The Court concludes that Plaintiff is entitled to an award of reasonable attorneys' fees and costs. Here, the attorneys' fees are itemized and reasonable. The Court also notes that Plaintiff's requested attorneys' fees are in line with what other courts have awarded in similar circumstances. *See Flanagan*, 2014 WL 2957701 ($1,182 in attorneys' fees); *Biby*, 2014 WL 37299 ($676.66 in attorneys' fees and costs); *Cowham*, 2014 WL 2453027 at *3 ($1,182 in attorneys' fees); *Patrick Collins, Inc. v. Lowery*, No. 1:12-CV-00844-TWP, 2013 WL 6246462 (S.D. Ind. Dec. 3, 2013) ($2,550 in attorneys' fees); *PHE, Inc.*, 2014 WL 1856755 at *4

($2,573.32 in attorneys' fees); *Aguilar,* 2013 WL 5653357 ($1,300 in attorneys' fees); *Sangster,* 2012 WL 458905 ($500 in attorneys' fees); *Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer*, No. 2:11-CV-70-FTM-29SPC, 2011 WL 4632597 (M.D. Fla. Oct. 6, 2011) ($2,655 in attorneys' fees); *Malibu Media, LLC v. Babb*, No. 13-CV-00320, 2013 WL 5387435, at *9 (D. Colo. Sept. 26, 2013) ($2,550 in attorneys' fees); *Gillispie*, 2012 WL 666001 at *4 ($1,492 in attorneys' fees). This Court held, in a similar case, that $1,500 is a reasonable attorneys' fee. *The Power of Few,* 2014 WL 5025671, at *4. In this case, the Court is satisfied that $1,182 is a reasonable award of attorneys' fees. The Court therefore concludes that Plaintiff is entitled to attorneys' fees and costs, pursuant to 17 U.S.C. § 505, in the total amount of $1,657.

### III. CONCLUSION

It is therefore **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED in part** and **DENIED in part**. (ECF No. 11.)

It is **SPECIFICALLY RECOMMENDED** that Defendant Phillip Henry be **PERMANENTLY ENJOINED** from infringing Plaintiff's copyrighted works, including by use of the internet to reproduce, copy, distribute, or make available for distribution to the public Plaintiff's copyrighted works, unless Plaintiff provides Defendant with a license or express permission.

It is **RECOMMENDED** that Defendant Phillip Henry be **ORDERED** to destroy all copies of Plaintiff's 32 motion pictures at issue in this case that Defendant Phillip Henry has downloaded onto any computer hard drive or server without Plaintiff's authorization and all copies that have been transferred onto any physical medium or device in Defendant Phillip Henry's possession, custody, or control.

It is also **RECOMMENDED** that Plaintiff be **AWARDED** statutory damages as against Defendant Phillip Henry in the amount of $24,000 and attorneys' fees and costs of $1,657.

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  August 18, 2015                          *s/Elizabeth Preston Deavers*
                                                                                       Elizabeth Preston Deavers
                                                                           United States Magistrate Judge